## Schafer *versus* Eneu.

1. A devise to trustees for the sole and separate use of a married woman for life, and on her death to be conveyed to her children and the heirs of her children for ever, gave her nothing which she could devise or which could descend from her to her heirs, but only a life estate.

2. Her children would have taken as purchasers under the devise from the testator.

3. Children whom she had adopted under the Act of May 4th 1855, were not her children and did not take under the devise.

4. By that act the right to inherit from the adopting parent is made complete; one adopted has the rights of a child without being a child.

5. The testator died in 1851, having devised the residue of his estate to his children in fee; they had a vested interest in the devise when the Act of 1855 took effect which the legislature could not take away and give to persons adopted by the devisee for life.

February 12th 1867. Before WOODWARD, C. J., THOMPSON, STRONG and READ, JJ. AGNEW, J., at Nisi Prius.

Error to the District Court of *Philadelphia*.

This was an action of covenant on a ground-rent deed by Joseph Eneu and others against George Schafer, commenced August 31st 1864, in which a case was stated for the opinion of the court as follows:—

James Eneu Sr., November 29th 1849, granted to George Schafer certain premises, reserving an annual rent of $33.75. He died in December 1851, having devised the said rent in trust for the separate use of his daughter Theresa Clark for life, and upon her decease to convey the same to her children and the heirs of her children for ever, gave the residue of his estate, real and personal, to his children, naming them, in fee.

Mrs. Clark died June 19th 1861, without issue of her body, but leaving three children, adopted in conformity with the Act of Assembly of May 4th 1855, and by decrees of the Court of Common Pleas of Philadelphia, made December 8th 1860, and June 18th 1861.

[Schafer *v.* Eneu.]

By her will, dated May 24th 1861, Mrs. Clark devised as follows: "By certain proceedings in the Court of Common Pleas of Philadelphia, I have adopted Hugh D. Fagen and Lawrence G. Fagen, two of the children of Patrick A. and Ann M. Fagen, and Hiram M. Leamer, child of Hiram and Theresa Leamer, as my children and heirs, with the view and intent that they shall have all the rights of children and heirs of their adopting parent, according to the laws of Pennsylvania, and shall thereby inherit the property and estate devised to me for life, and after my death to my children and their heirs by the last will and testament of my father, James Eneu, deceased."

The plaintiffs are the children of James Eneu, or the children of such as are deceased.

The devisees of Mrs. Clark are in possession of said rent, and have so been in possession since her death.

If the court shall be of opinion that the plaintiffs are entitled to recover, then judgment is to be entered in their favor for $118.12, with interest from July 1st 1864; and either party may have a writ of error.

The court gave judgment for the plaintiffs for $118.12, with interest, &c., which was assigned for error.

*T. R. Elcock*, for plaintiff in error.—Do children adopted under the Act of Assembly of May 4th 1855, sec. 7, Purd. 44, pl. 1, Pamph. L. 431, take under the devise recited in the case stated? The intention of the act is to give adopted children all the rights of inheritance which natural born children could have; the proviso, in case of other children of the adopting parent being alive, makes it clearly so: McKee *v.* McKinley, 9 Casey 92; Haldeman *v.* Haldeman, 4 Wright 29. Covenant cannot be maintained against parties holding adversely.

*E. Olmstead* and *H. M. Phillips*, for defendants in error.— James Eneu died in 1851; the act was approved in 1855. To defeat the defendants it must be decided that the act shall have a retroactive effect: Dewart *v.* Purdy, 5 Casey 117; Bambaugh *v.* Bambaugh, 11 S. & R. 191.

The adopted children are not Theresa Clark's children. The Act of Assembly gives adopted children the rights of children, but it does not and cannot make them children of the adopting party: Commonwealth *v.* Nancrede, 8 Casey 389.

The testator designed to describe the root of a new succession, and a party claiming that succession must be the party described, not one having the rights of such a party. The children of Mrs. Clark were to take as purchasers.

The action of covenant is the only one that could be brought. There can be no suit for ejectment for an incorporeal hereditament.

4 P. F. SMITH—20

[Schafer *v.* Eneu.]

The opinion of the court was delivered, February 25th 1867, by STRONG, J.—The rent was devised to trustees for the sole and separate use of Theresa Clark during her life, and upon her decease it was directed to be conveyed to her children and the heirs of her children for ever. She had therefore but a life estate, nothing which she could devise, or which could descend from her to her heirs. Had she left children they would have taken as purchasers, as devisees under the will of her father, and not by inheritance through her. She left no children issue of her body, but she left children adopted in conformity with the Act of Assembly of May 4th 1855, to whom she devised the property and estate devised to her for life, and after her death to her children and their heirs. For the reason already maintained, her devisees took nothing under her will, for she had no devisable estate. If, therefore, the adopted children are owners of the rent, it is because they they are devisees under the will of James Eneu the first testator. But his gift of the remainder was to the children of his daughter Theresa Clark, and the heirs of her children. Adopted children are not children of the person by whom they have been adopted, and the Act of Assembly does not attempt the impossibility of making them such. It enacts that it shall be lawful for any person desirous of adopting any child as his or her heir, or as one of his or her heirs, to present his or her petition to a court, &c., " declaring such desirê, and that he or she will perform all the duties of a parent to such child," " and such court," &c., " may decree that such child is heir of such adopting parent." There is a proviso enacting that if such adopting parent shall have other children, the adopted shall share the inheritance only as one of them in case of intestacy, and that he, she or they shall inherit respectively from and through each other as if all had been the lawful children of the same parent. The right to inherit from the adopting parent is made complete, but the identity of the child is not changed. One adopted has the rights of a child without being a child. In Commonwealth *v.* Nancrede, 8 Casey 389, it was ruled that property descending to an adopted child is subject to the collateral inheritance tax. That could not be if the adopted were a child. In Nancrede's Case, Lowrie, C. J., said: " Giving an adopted son a right to inherit does not make him a son in fact, and he is so regarded in law, only to give the right to inherit."

If the act were construed as it is claimed by the plaintiff in error, as applied to the present case, it would work a result which it is not in the power of the legislature to effect. The will of James Eneu took effect in 1851. It gave a life estate in the rent to Mrs. Clark, with a contingent remainder to her children, and the residue of his estate to his children, naming them, in fee. The children thus named (and the children of such as are deceased)

[Schafer *v.* Eneu.]

are the defendants in error. They had a vested interest in the rent when the Act of 1855 was passed. It was not in the power of the legislature to take away that vested interest and give it to such persons as Mrs. Clark might adopt.

The judgment of the court below was therefore right.

We have not noticed in the two objections that the plaintiffs cannot maintain covenant against parties holding adversely, and that if the defendants are liable in covenant it is not to the plaintiffs. Both objections overlook the facts that the action is against George Shafer, the covenantor, and that the plaintiffs are devisees of the rent under the residuary devise, or if not, heirs of the lessor.

The judgment is affirmed.