# Smith's Estate.

*Executors and administrators—Parent and child—Adoption—Right to administer.*

An adopted child does not acquire by reason of his adoption the right to administer upon the estate of the adopting parent.

Argued May 10, 1909. Appeal, No. 316, Jan. T., 1909, by John R. Smith et al., from decree of O. C. Fayette Co., March Term, 1907, No. 74, dismissing petition to remove administrator in Estate of Berthena Rosanna Smith. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Affirmed.

Appeal from the action of the register of wills in refusing to revoke letters of administration. Before STEEL, P. J., specially presiding.

The opinion of the Supreme Court states the case.

*Error assigned* amongst others was the decree dismissing the petition.

F. M. Estes, with him F. X. Geraghty and J. G. Carroll, for appellant.

E. C. Higbee, of Sterling, Higbee & Matthews, with him D. M. Hertzog and Crow & Shelby, for appellee.

OPINION BY MR. JUSTICE POTTER, October 11, 1909:

It appears from the record in this case, that there was an appeal to the orphans' court of Fayette county from the decree of the register of wills, refusing to revoke letters of administration granted to Herman M. Kephart on the estate of Berthena Rosanna Smith, deceased. The petitioners and appellants are children of Robert L. Smith, deceased, and of his first wife. They were stepchildren of the decedent, Berthena Rosanna Smith, and not of her blood. The decedent died intestate and without known relatives, leaving a large estate, mostly realty. Information was given to the commonwealth, and proceedings were instituted to escheat the estate, Herman M. Kephart being appointed escheator and subsequently administrator.

The children of Robert L. Smith claimed to be interested in the estate upon three grounds:

1. They claimed to have been adopted as children by the decedent.

2. They claimed that decedent had made a will in their favor, which was lost, or at least had promised to make such a will.

3. They claimed that there was a resulting trust in the real estate of the decedent in favor of her husband, Robert L. Smith, and that therefore the said real estate had descended to them as his heirs at law.

The orphans' court heard testimony upon these contentions and found that none of them were sustained by the evidence produced. The petition was dismissed and the refusal of the register to revoke the letters of administration was sustained. The petitioners have taken this appeal.

The assignments of error are all bad in form, and the final decree of the court below dismissing the exceptions, is not assigned for error. Waiving the insufficiency of the specifications of error, the appellants, upon their own showing, had no standing to maintain their petition to revoke the letters of administration. If their claim to be adopted children of decedent were sustained, it would confer upon them no right to administer the estate, or to select an administrator, or to object to an appointment made by the register of wills.

In McCully's App., 10 W. N. C. 80, this court held that an adopted child does not acquire by reason of his adoption the right to administer upon the estate of the adopting parent.

In a recent case, Burnett's Est., 219 Pa. 599, the rule of the earlier cases was recognized, and it was held that: "An adopted child, under the laws of Pennsylvania, cannot inherit from collateral kindred of the adopting parents." The Act of May 19, 1887, P. L. 125, which so far as the rights acquired by an adopted child are concerned merely re-enacts the provisions of the Act of May 4, 1855, P. L. 430, does not affect the rule of McCully's Appeal.

If it had been shown that a will which the law would regard as the last will of the decedent had been lost, and due proof of its execution and contents had been made, such will might be admitted to probate and the letters of administration would then necessarily be revoked. But no such proof was made. Nor was there any evidence of a contract to make a will. The loose expressions of decedent as to how she intended to dispose of her property did not constitute either a will or a contract. Nor was any consideration alleged for such a contract.

If there was a resulting trust in the real estate, that fact can be established in an appropriate proceeding. But the fact, if established, could not bear in any way upon the right to letters of administration upon the personal estate of the decedent. If the letters should be revoked, it would not affect in the slightest degree the rights of any person having an interest in the real estate.

In view of the fact that the appellants have no standing to object to the register's action in granting letters of administration, it is unnecessary to consider the other questions attempted to be raised by this appeal.

The decree of the court below is affirmed.