## Russell's Estate.

*Wills—Legacies to nephews and nieces—Lapse—Issue does not include adopted children—Act of June 7, 1917.*

A legacy to testator's niece lapses if she dies before the testator, although he may die without issue and she had legally adopted a son before the date of the will. Such a gift is not saved from lapse by the Wills Act of June 7, 1917, P. L. 403, as it is not covered by either section 15 (*b*) or section 16 (*b*).

Exceptions to adjudication.  O. C. Phila. Co., Jan. T., 1924, No. 423.

*R. P. Shick* and *R. T. M. McCready*, for exceptions.

*George Sterner* and *James F. Hagen*, contra.

VAN DUSEN, J., Nov. 7, 1924.—The testator gave a legacy and a certain part of his residuary estate to his niece, Sarah Booth. He died without issue. Sarah Booth died before the testator, leaving no natural-born issue; she had, however, before the date of the will, adopted a son under the laws of the State of Ohio, where she resided. This adopted son survived her and claimed the legacy because of the provisions of section 15 (*b*) of the Wills Act of June 7, 1917, P. L. 403, which saves such a legacy in favor of the "surviving issue" of the children of brothers and sisters where "testator shall not leave any lineal descendants." The auditing judge rejected this claim.

An adopted son is not "issue" in the ordinary sense of the word. Is there any statutory construction forced upon the word which would make it include an adopted son in this section? It is argued on behalf of the claimant that the whole policy of the Pennsylvania law as contained in the present statutes is to assimilate adopted children to natural-born children, and that for practically all purposes they are to be regarded as the same. This view prevailed in Moore's Estate, 30 Dist. R. 152. But, in our opinion, where a change in the law is to be made, the courts cannot carry out new policies except so far as they have been directed by the legislature, whose province it is to determine how far and in what cases the substituted policy shall prevail.

In dealing with earlier statutes on the subject of adoption and their relation to intestacy and wills, the courts have many times refused to go beyond the letter of the law, and it has been the legislature which has taken the next step. In Com. *v.* Nancrede, 32 Pa. 389, and other cases, it was held that an adopted child was subject to collateral inheritance tax; but this was changed by the Act of June 20, 1919, P. L. 521. In Schafer *v.* Eneu, 54 Pa. 304, it was held that an adopted child could not take under a devise to the adopting parent for life and after her death to her children; a ruling altered by section 16 (*a*) and (*b*) of the Wills Act of 1917. In Com. *v.* Powel, 16 W. N. C. 297, it was held that the natural parent, instead of the adopting parent, inherits from the adopted child; a state of the law altered by the Act of April 13, 1887, P. L. 53, in part, and fully by section 16 (*a*) of the Intestate Act of June 7, 1917, P. L. 429. In Burnett's Estate, 219 Pa. 599, it was held that an adopted child could not inherit from the collateral kindred of adopting parents; a state of the law altered by the Act of May 28, 1915, P. L. 580, and by section 16 (*a*) and (*b*) of the Intestate Act of 1917. In Goldstein *v.* Hammell, 236 Pa. 305, it was held that the adoption of a child after making a will did not avoid the will as to such child. And in Boyd's Estate, 270 Pa. 504, it was held that the Wills Act of 1917 made no change in the law in this respect; but the Act of May 20, 1921, P. L. 937, has established the law otherwise.

The claimant points specifically to section 15 (*a*) and (*b*) of the Intestate Act. It will not be necessary to refer more particularly to these sections, as

by their terms they apply only to cases of "inheritance and taking by devolution." Under section 15 (b) of the Wills Act, the surviving issue take in their own right in substitution for their parent, but not by inheritance or devolution from him.

The claimant also points to section 16 (b) of the Wills Act; and it is this part of the law, if any, which will support his claim. The section reads as follows: "Whenever in any will a bequest or devise shall be made to the child or children of any person other than the testator, without naming such child or children, such bequest or devise shall be construed to include any adopted child or children of such other person who were adopted before the date of the will, unless a contrary intention shall appear by the will."

If there had been in the will a gift over to the "surviving issue" (the words used in section 15-a) of Sarah Booth, a different question would have arisen upon which it is not necessary to express an opinion. But there is no such substitutionary gift in the will of this decedent; the claim is based on the substitution which the statute makes. Section 15 (b) makes a substitution perforce, and does not attempt to impute any intent to the testator or to put words into his mouth, as section 16 (b) does. It is only by a fiction which is unnecessary that the provisions of section 15 (b) are ever spoken of as written into the will.

It may be that the legislature, having gone so far as to say that the word "child" in a will should mean an adopted child, would be willing to give this word the same meaning in section 15 (b) of the Wills Act; but they have not done so, and we have no power to supply the omission.

The exceptions filed by counsel for the accountant relate to the refusal of the auditing judge to allow the full amount claimed as counsel fee. These exceptions were not argued; and as the question of counsel fee is peculiarly one for the auditing judge and will not be disturbed unless glaring error is apparent, they cannot be sustained: McNichol's Estate, 4 D. & C. 338; Kujack's Estate, 4 D. & C. 414.

All exceptions are dismissed and the adjudication is confirmed absolutely.