## Russell's Estate.

*Wills — Legacies — Lapsing — Adopted child—Acts of May 28, 1915, P. L. 580; June 7, 1917, P. L. 429, and June 7, 1917, P. L. 403—Pa. Constitution, article III, section 3—Title of statute—Notice—Construction—Power of courts.*

1. Under section 15 of the Wills Act of June 7, 1917, P. L. 403, a devise or bequest to a brother, sister, nephew or niece, will lapse, if the devisee or legatee predeceases the testator, leaving no issue.

2. Within the meaning of that section, an adopted child is not issue of the devisee or legatee.

3. Nor is an adopted child to be given such a devise or legacy because of the provisions of the Act of May 28, 1915, P. L. 580, 582, or those of section 16(b) of the Intestate Act of June 7, 1917, P. L. 429, 439.

4. The Intestate Act of 1917, applies only to intestacy, and hence section 16(b) would be unconstitutional if construed to extend to distributions in case of testacy.

5. Whenever it is reasonably possible, the courts must so construe a statute as to result in constitutionality.

6. The right to take the estate of a decedent is a subject for legislative consideration only; the courts can go no further in distribution than as expressed in, or necessarily to be implied from, a statute.

Argued May 19, 1925.   Appeal, No. 221, Jan. T., 1925, by William F. Taylor, adopted son of legatee, from decree of O. C. Phila. Co., Jan. T., 1924, No. 423, dismissing exceptions to adjudication, in estate of Henry Russell, deceased.   Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Exceptions to adjudication by THOMPSON, J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed in opinion by VAN DUSEN, J. See 5 Pa. D. & C. 240. Wm. F. Taylor, adopted son of legatee, appealed.

*Error assigned* was decree, quoting record.

*R. T. M. McCready,* with him *R. P. Shick* and *F. L. Wells,* for appellant.—Wm. F. Taylor, as the adopted child of Sarah Booth, is entitled to her legacy, under the Wills Act of 1917, section 15(b) : Rowan's Est., 132 Pa. 299; Phillips's Est., 17 Pa. Superior Ct. 103; Newbold v. Prichett, 2 Wharton 46; Brown's Adoption, 25 Pa. Superior Ct. 259; Moore's Est., 30 Pa. Dist. R. 152; Hill's Est., 30 Pa. Dist. R. 477.

*George Sterner,* with him *James F. Hagen,* for appellees.—There is nothing in the acts in force in Pennsylvania and there are no decisions here that hold, under such circumstances, "issue" is to be legally considered as including adopted children of collaterals: Goldstein v. Hammell, 236 Pa. 305; Packer's Est., 246 Pa. 116.

An adopted child under the laws of Pennsylvania cannot inherit from collateral kindred of the adopting parents: Burnett's Est., 219 Pa. 599.

OPINION BY MR. JUSTICE SIMPSON, June 27, 1925:

Testator died without leaving lineal descendants. One paragraph of his will says: "I give and bequeath unto my niece, Sarah Booth, the sum of $2000." Similar pecuniary gifts, in varying amounts, are made to other relatives, and his residuary estate is directed "to be divided among the above named legatees pro rata." Mrs. Booth died before testator, without descendants, but leaving to survive her an adopted son, the appellant here. For the purposes of this appeal, we will assume, without deciding the point, that the deed by which he was adopted, is sufficient to vest in him all the statutory rights given to adopted children. On the settle-

ment of testator's estate, appellant claimed that the legacies to Mrs. Booth did not lapse, but were payable to him because of the acts of assembly hereinafter quoted. The court below disagreed with this contention, and rejected his claim. Our conclusion is the same.

Section 15 of the Wills Act of June 7, 1917, P. L. 403, 408, specifies the circumstances under which legacies will be held to be effective, although the legatee has predeceased the testator. So far as concerns the present controversy, clause (b) is the only applicable provision, and it stipulates as follows: "Where any testator shall not leave any lineal descendants who would receive the benefit of any lapsed or void devise or legacy, no devise or legacy made in favor of a brother or sister, or of brothers or sisters, of such testator, or in favor of the children of a brother or sister of such testator, whether such brothers or sisters, or children of brothers or sisters, be designated by name or as a class, shall be deemed or held to lapse or become void by reason of the decease of such devisee or legatee in the lifetime of the testator, if such devisee or legatee shall leave *issue* surviving the testator; but such devise or legacy shall be good and available in favor of such surviving *issue*, with like effect as if such devisee or legatee had survived the testator, unless the testator shall in the will direct otherwise." Two things clearly appear from a consideration of this paragraph: (1) it does not declare an intestacy, in case a legatee predeceases the testator, and then state who shall take, but only substitutes the issue of the named legatee, as the one entitled to take *under the will*, "unless the testator shall in the will direct otherwise"; and (2), considering this statute by itself, appellant is not helped, for it does not even suggest that, for purposes of distribution, he shall be treated as other than what he in fact is,—an "issue" of his *natural* parents only. Recognizing this, he alleges that his claim is sustained by the Act of May 28, 1915,

P. L. 580, 582, and section 16 (b) of the Intestate Act of June 7, 1917, P. L. 429, 439.

The provision of the Act of 1915, asserted to be relevant, is as follows: "said adopting parent and said child shall, respectively, inherit and take by devolution from and through each other personal estate as next of kin, and real estate as heirs in fee simple, or otherwise, under the intestate laws of this Commonwealth, as fully as if the person adopted had been born a lawful child of the adopting parent." Since appellant is not claiming "under the intestate laws," this statute is of no benefit to him.

Nor is section 16(b) of the Intestate Act of 1917, which specifies as follows: "The person adopted shall, for all purposes of inheritance and taking by devolution, be a member of the family of the adopting parent or parents. The adoptive relatives of the person adopted shall be entitled to inherit and take from and through such person, to the exclusion of his or her natural parents, grandparents, and collateral relatives; but the surviving spouse of such adopted person, and the children and descendants of such adopted person, shall have all his, her, and their respective rights under this act. Adopted persons shall not be entitled to inherit or take from or through their natural parents, grandparents, or collateral relatives, but each adopted person shall have all his or her rights under this act in the estates of his or her spouse, children and descendants." Aside from all other considerations, if we were to sustain appellant's contention as to the meaning af the paragraph, we would be compelled also to hold that this construction makes it unconstitutional, and hence he could not recover under it. The title of the statute is: "An Act relating to the descent and distribution of the real and personal property of persons dying intestate; and to provide for the recording and registering of the decrees of the orphans' court in connection therewith, and the fees therefor." Appellant's claim is that, because of

the portion of the statute quoted, he may take part in the "distribution of the real and personal property of [one not] dying intestate." To so construe the provision would result in a violation of article III, section 3, of the Constitution of the State, since that subject is not "clearly [or indeed at all] expressed in its title": Spangler's Est., 281 Pa. 118. Our duty is, therefore, to so interpret it, if possible, as to make it constitutional (Fluke v. Lang, 283 Pa. 54) and this we may do, by holding that it has no relation to property disposed of by will, but only to that passing under the intestate laws. Thus construed appellant cannot, under it, maintain the claim he now makes.

We do not minimize the fact that the legislature has passed statute after statute enlarging the rights of adopted children, as is somewhat graphically pointed out in the following extract from the opinion of the court below: "In Commonwealth v. Nancrede, 32 Pa. 389, and other cases, it was held that an adopted child was subject to collateral inheritance tax; but this was changed by the Act of June 20, 1919, P. L. 521. In Schafer v. Eneu, 54 Pa. 304, it was held that an adopted child could not take under a devise to the adopting parent for life and after her death to her children; a ruling altered by section 16(a) and (b) of the Wills Act of 1917. In Com. v. Powel, 16 W. N. C. 297, it was held that the natural parent, instead of the adopting parent, inherits from the adopted child; a state of the law altered by the Act of April 13, 1887, P. L. 53, in part, and fully by section 16(b) of the Intestate Act of 1917. In Burnett's Est., 219 Pa. 599, it was held that an adopted child could not inherit from the collateral kindred of adopting parents; a state of the law altered by the Act of May 28, 1915, P. L. 580, and by section 16(a) and (b) of the Intestate Act of 1917. In Goldstein v. Hammell, 236 Pa. 305, it was held that the adoption of a child after making a will did not avoid the will as to such child. And in Boyd's Est., 270 Pa. 504, it was held

that the Wills Act of 1917, made no change in the law in this respect, but the Act of May 20, 1921, P. L. 937, has established the law otherwise." Our question, however, is not what has been the legislative trend on this subject, but whether it has been so far extended as to cover the instant case? We are clear it has not, and, in addition to the cases cited in the above quotation, reference may be made also to Puterbaugh's Est., 261 Pa. 235, and Yates's Est., 281 Pa. 178, as showing the care exercised in not extending the adoption statutes beyond their clear import.

Instead of passing a general act, giving to adopted children all the rights of those who are natural-born, the legislature has chosen, as has been shown above, to advance step by step, and we cannot properly do otherwise than follow where it leads; hence, since the supposed rights of an adopted child have not been extended to cover the situation here presented, we can only repeat what we said in Boyd's Est., 270 Pa. 504, 507: "If it is deemed wise to provide that adopted children shall have the rights here claimed for them, the legislature can extend the law to cover them; we cannot."

The decree of the court below is affirmed and the appeal is dismissed at the cost of appellant.