## Herner's Estate

*Stevens & Lee* and *Ralph C. Body*, for accountant.
*Rothermel & Mauger* and *Martin L. Long*, for claimant.
*William A. Shomo*, for guardian of minor claimant.

MARX, P. J., April 1, 1933.—All parties in interest appeared at the audit and joined in the submission of a statement of facts pertinent to the question of distribution here presented. From this statement we find that the decedent had one child, Susie (Herner) Heydt, wife of Daniel Heydt. Said Susie (Herner) Heydt died on July 31, 1924, survived by a daughter, Catherine H. Heydt, a minor, of whose estate Berks County Trust Company is guardian. Said Susie (Herner) Heydt and her husband, Daniel Heydt, by decree of Court of Common Pleas of Berks County, No. 75, March Term, 1918, on March 11, 1918, adopted as their child and heir Nelson Barto Heydt, the decree of adoption reciting, inter alia, "that said Nelson Barto shall assume the name of Nelson Barto Heydt and henceforth have all the rights of a natural child of the said Daniel Heydt and Susie Heydt, his wife, and he be subject to the duties of such child". Daniel Heydt, husband of Susie (Herner) Heydt, likewise died during the life of said Frank R. Herner.

The question raised upon this record is whether the balance here sh( vested in the natural child of Susie (Herner) Heydt or in that child and adopted son, Nelson Barto Heydt. In support of their position, counsel : Nelson Barto Heydt cite the case of Thomas's Estate, 2 D. & C. 89. That ca: however, as indicated by the first paragraph of the syllabus, determines th where one dies leaving a natural child of an adopted son and collaterals, su( child of the adopted son takes under the intestate law, to the exclusion ( decedent's collateral kin. That case differs materially in supporting facts fro: this case, and is consequently not controlling here. When that decedent adopted a son, she agreed, by her act of adoption, to make him and his issue her heirs. That question is not here raised. Here the natural child adopted a son and then died, and the question is, did she by her act of adoption engraft her adopted son as an heir upon the line of her natural parent's heirs.

As stated in 38 A. L. R. 8: "The right of adopted children to inherit as heirs of the adoptive parents, or as heirs of relatives or descendants of the adoptive parents, depends entirely upon statutory or constitutional provisions." It is the general view that a statutory provision will not be construed to make an adopted child an heir of relatives of the adoptive parent, unless there is language in the statute clearly to that effect. Legislation in Pennsylvania in this regard has progressed favorably to the adopted child. As quoted in Russell's Estate, 284 Pa. 164, 168:

" 'In Commonwealth v. Nancrede, 32 Pa. 389, and other cases, it was held that an adopted child was subject to collateral inheritance tax; but this was changed by the Act of June 20, 1919, P. L. 521. In Schafer v. Eneu, 54 Pa. 304, it was held that an adopted child could not take under a devise to the adopting parent for life and after her death to her children; a ruling altered by section 16(a) and (b) of the Wills Act of 1917. In Com. v. Powel, 16 W. N. C. 297, it was held that the natural parent, instead of the adopting parent, inherits from the adopted child; a state of the law altered by the Act of April 13, 1887, P. L. 53, in part, and fully by section 16(b) of the Intestate Act of 1917. In Burnett's Est., 219 Pa. 599, it was held that an adopted child could not inherit from the collateral kindred of adopting parents; a state of the law altered by the Act of May 28, 1915, P. L. 580, and by section 16(a) and (b) of the Intestate Act of 1917 . . .' "

The instant question, however, is whether the provisions of clauses (a) and (b) of section 16 of the Intestate Act of June 7, 1917, P. L. 429, have extended the right of inheritance of an adopted child to the limit marked by the facts of this case. We believe the question has been squarely met and answered by the court in Cryan's Estate, 301 Pa. 386. That case involved the determination of two major questions: (1) Whether the facts of the case warranted a declaratory judgment under the Declaratory Judgments Act; and (2) whether the judgment entered by the court below, consequent from an affirmance of the former proposition, was proper. The Supreme Court affirmed on both questions. Perhaps unfortunately, the report of the case contained in the syllabus unduly stresses the former to the neglect of the latter proposition. An examination of the case discloses that S. Anice Cryan died in 1913, survived by no issue, but by an adopted daughter, Minnie C. Wineman. She was also survived by a sister, A. Gertrude Mays, who died in 1914, unmarried and without issue; by a sister, Ella A. Beck, a widow, who died without issue in 1925; by Martha J. Creswell, a sister, a widow, who died in 1929 survived by two children; by a brother, John V. Mays, who died in 1929, unmarried and without issue; and by Mary E. Hall, a sister, living. By her will, she gave the properties there in question to her

said five sisters, in equal shares, after a bequest to her brother of $50. They took the property as "tenants in common" (p. 400). Determining the case a proper one for a declaratory judgment, the court then found, and the Supreme Court on appeal affirmed (p. 402):

" 'Upon the death [in 1925] of Ella A. Beck [sister of testatrix], a widow without issue, her undivided . . . share . . . descended to her [two] surviving sisters and brother and to Minnie C. Wineman, the adopted child of . . . S. Anice Cryan'; that, 'Upon the death [in January, 1929] of Martha Jane Creswell [sister of testatrix], a widow, leaving to survive her two children, namely, Ella C. Wagner and Annie C. Turner, the respondents, her undivided . . . share . . . descended to her said two children in equal shares'; that, 'Upon the death [in May, 1929] of John Mays [brother of testatrix], unmarried and without issue, his undivided . . . share . . . descended to his sister, Mary Hall, to Minnie C. Wineman, the adopted daughter of S. Anice Cryan, and to Ella C. Wagner and Annie C. Turner, the children and heirs of Martha Jane Creswell, deceased.' "

The Supreme Court added:

"It remains to say only that the original devisees enjoyed vested estates in the real property here involved; several of them (as hereinbefore recited) died intestate, after the testatrix, and, under section 16(b) of the Intestate Act of June 7, 1917, P. L. 429, 439, appellant,—being an adopted child of the original decedent, and, because of this position, viewed in law as a niece of those devisees who died without issue (see Russell's Estate, 284 Pa. 164, 166-8),—inherited a portion of their respective shares."

Minnie C. Wineman did not take directly from her adopting parent, S. Anice Cryan, but from her respective uncles and aunts by adoption, and under the intestate law. Under this decision, we find Nelson Barto Heydt entitled to inherit, with Catherine Heydt, the estate of the decedent, Frank R. Herner. Distribution will be decreed accordingly.

From Charles K. Derr, Reading, Pa.