## Anderson's Estate

Before Lamorelle, P. J., and Van Dusen, Stearne, Sinkler, and Klein, JJ.

334

*W. Joseph Harrison, Jr.,* for exceptants.
*Frederick C. Fuges,* contra.

VAN DUSEN, J., May 31, 1935.—As soon as a son was born to testator's grandson, Robert Anderson, he became entitled to take part of his father's share. It was just as though he was mentioned by name. If thereafter he was adopted by someone else and thus lost his right to inherit from or through his natural father, that change of status did not destroy the right he had already acquired, and did not alter the fact that he answered to the description of one of the beneficiaries under the will of a third person. Being a minor he could not deprive himself of the right which he had acquired, and we do not see how the

act of his father in consenting to his adoption could deprive him of such a right.

We refer again to what we noted in Russell's Estate, 5 D. & C. 240, affirmed in 284 Pa. 164, namely, that the statutes relating to adoption are to be followed just so far as they go and no further. It is not yet true that an adopted child for all purposes is the child of the new parents and not of the old parents. In a case such as this, which involves identity and not the right of inheritance, it may never be true.

The exceptions are dismissed and the adjudication is confirmed absolutely.