## Coble's Estate

*Edwin D. Strite* and *Arthur W. Gillan*, for exceptants.

*Paul M. Crider*, contra.

WINGERD, P. J., January 28, 1947.—Anna Mary Coble died February 29, 1920, a resident of Franklin County, Pa., leaving a last will and testament dated May 8, 1917, and provided therein, among other things, as follows:

"Item 2. Whereas, I have made certain advancements to my several children and in order to even them up, I direct that my Executors shall add $600 to the share to be held for my son, J. Ralph Coble. The balance of my estate is to be divided into five equal shares among my children. As to the share of J. Ralph Coble and the $600 added thereto, he is to have the interest of the same during his life time unless he should die leaving issue, then his issue is to receive the share set aside for him. If he die without issue, the share held for him is to be divided among his brothers and sisters or their issue equally.

"If anyone of my children should die before I do, his or her issue is to take the parents share."

At the time of her death all five of her children were living. J. Ralph Coble, the son whose share was left to him for life, had two legally adopted children, Florence Ethel Coble (now Shank), adopted August 27, 1907, and Frank E. Coble, adopted November 28, 1916. It will be noticed that each of these persons was adopted

before the execution of the will. They had been the adopted children of J. Ralph Coble for years before his mother's, testatrix's death, one for almost 13 years and the other for over three years.

On the settlement of the estate of testatrix, the share of J. Ralph Coble was paid over to his brother, Russell Coble, appointed by the Orphans' Court of Franklin County, trustee to administer the share of J. Ralph Coble in testatrix's estate according to item 2 of her will. J. Ralph Coble died on January 20, 1946, having had no natural children but leaving surviving his two adopted children. His three brothers and one sister were living at his death. The trustee filed his account, which was duly confirmed and George S. Black, Esq., was appointed auditor by the orphans' court to distribute the balance shown on said account among those persons entitled thereto. The auditor awarded the balance for distribution to the four living children of testatrix. To this award the two adopted children of J. Frank Coble except.

The question is whether the two adopted children of J. Frank Coble take the principal of the trust fund to the exclusion of the living children of testatrix under the term "issue", as used by testatrix in her will.

It is urged that under the Wills Act of June 7, 1917, P. L. 403, sec. 16(*b*), 20 PS §228, which is as follows:

"Whenever in any will a bequest or devise shall be made to the child or children of any person other than the testator, without naming such child or children, such bequest or devise shall be construed to include any adopted child or children of such other person who were adopted before the date of the will, unless a contrary intention shall appear by the will", exceptants take the fund in question.

We know of no case, either in the appellate or lower courts, in which the exact problem presented here has been decided. In *Hill's Estate*, 30 Dist. R. 477, the

court holds that the word "issue", as used in section 15(*a*) of the Wills Act, 20 PS §251, which is as follows:

"No devise or legacy in favor of a child or children, or other lineal descendant or descendants of any testator, whether such children or descendants be designated by name or as a class, shall lapse or become void by reason of the decease of such legatee or devisee in the lifetime of the testator, if such devisee or legatee shall leave issue surviving the testator; but such devise or legacy shall be good and available in favor of such surviving issue, with like effect as if such devisee or legatee had survived the testator, unless the testator shall in the will direct otherwise.", is equivalent to "child or children" insofar as the effect of section 16(*b*) of that act is concerned and that by virtue of it, an adopted child of a lineal descendant of a testator, dying in the lifetime of testator, shall take a bequest or devise to such deceased lineal descendant under the provisions of section 15(*a*). Moore's Estate, 30 Dist. R. 152, holds that the word "issue", as used in section 15(*b*) of the Wills Act, 20 PS §252, includes "adopted children". Even if these cases are considered as authority for the precise questions decided by them, they do not solve the instant case, for they do not decide how "issue" is to be interpreted in connection with section 16(*b*) when used by a testatrix in her will. However, in the case of Russell's Estate, 284 Pa. 164, 169, it is clearly held that the word "issue" in section 15(*b*) of the Wills Act, which has the same general effect as in section 15(*a*), does not include adopted children. This case clearly and definitely overrules both Moore's Estate, supra, and Hill's Estate, supra, but does not mention section 16(*b*) of the Wills Act. It does, however, strongly indicate that the word "issue" is not to be interpreted to include adopted children and that care must be "exercised in not extending the adoption statutes beyond their clear import."

In the present case we have a bequest to the issue of a person other than testatrix. This person had two adopted children, both of whom had been adopted before the date of testatrix's will. The question for determination is: Does the word "issue", as used, include the adopted children because of section 16(b) of the Wills Act of 1917?

The term "issue" has from time immemorial been generally understood to mean "heirs of the body", "offspring", "progeny", "lineal descendants", "natural children": Black's Law Dictionary, Words and Phrases, P. E. 22, page 714, Ashhurst's Estate, 133 Pa. Superior Ct. 526, 529. When used in a will it prima facie means "heirs of the body", but the whole will may show it was used to mean "children" and it is then so construed: Parkhurst v. Harrower, 142 Pa. 432, 435. However, when construed to mean "children", it obviously is restricted to natural children for they are the only children that are issue, i. e., physical offspring. Assuming in the instant case that the bequest to "issue" is properly construed as being or including a bequest to "children", does it include adopted children by virtue of section 16(b) of the Wills Act? In our opinion it does not.

The commission appointed to codify and revise the law of decedents' estates makes the following note in respect to section 16(b) of the Wills Act:

"This clause is also new. It is limited to the case of children adopted before the date of the will since it is a statutory canon of construction referable to the time when the testator makes his will. An extension to include children adopted after the date of the will would tend to defeat the intention of the testator."

It seems clear that the purpose of the section is to determine the construction of the words "child or children" when used by a testator under the conditions stated therein. It goes no further than to determine the import of those particular words. It does not

apply any canon of construction to the word "issue", no matter how used or under what circumstances. This is entirely reasonable as there is a clear difference in the use made of the words "issue" and "children". We speak of "adopted children", "foster children", "step children", etc. When a testator makes a bequest to the "children" of a person, knowing that person has adopted children, which are a kind of children given a status by an adjudication at law, it is fair to assume he intended to include in the term "children" adopted children and the legislature, to avoid controversy and uncertainty, passed section 16 (*b*). The same assumption cannot be made in reference to the use of the word "issue" and we hold that the section has no effect upon the interpretation or construction of the word "issue", howsoever it may be used. In Ashhurst's Estate, supra, then President Judge Keller recognizes fully the vast difference in a testator's use of "issue" and of "children" when he says on page 529:

"But the testator did not direct that upon the death of any of his children, the share of the income of such deceased child should be payable to his or her *children* but to the *issue* of such deceased child. They are not the same: Bedford's Appeal, 40 Pa. 18. Issue in a will means prima facie 'heirs of the body': Taylor v. Taylor, 63 Pa. 481. 'The word issue, in legal parlance, means *lineal descendants*, irrespective of their being the same generation. In our several Acts of Assembly regulating the descent and distribution of real and personal estate of intestates, the words "issue" and "lawful issue" have always been employed as synonymous with lineal descendants, including not only the first, but more remote generations as well': Wistar v. Scott, 105 Pa. 200, 215. It is synonymous with offspring: Allen v. Markle, 36 Pa. 117."

The word "issue" as used in testatrix's will does not include adopted children and the auditor's report must be affirmed.

We can look at our problem from another viewpoint and reach the same conclusion. Section 16(*b*) ends with the words "unless a contrary intention shall appear by the will". If we were to hold that the section applied to bequests to children made in a manner other than by the use of the word "children", it nevertheless would not apply to such a bequest made by a word which showed an intention to exclude adopted children. In our opinion "issue" is such a word. If a testator made a bequest to the "natural children" of a person, such person having adopted children at the date of testator's will, clearly the will showed an intention not to include adopted children. "Issue", when construed as "children", means only natural children. The very use of the word "issue", which, as we have shown, applies only to physical offspring, shows conclusively that testatrix only contemplated offspring, progeny, and did not intend to make any bequest to adopted children but intended to exclude adopted children from the bequest of the remainder of the share of J. Ralph Coble. Further, the fact that testatrix gave to J. Ralph Coble, the father of the adopted children, only a life estate and to each of her other four children absolute estates, without any explanation and for which action no explanation was given at the hearing before the auditor, is very persuasive that she intended that the adopted children of J. Ralph Coble should in no event participate in her estate. By giving J. Ralph Coble only a life interest, which prevented him from turning over any of her estate to his adopted children during his lifetime or leaving it to them by will, and by the use of the word "issue" in describing those to take at his death, testatrix shows rather plainly a fixed intention to exclude the adopted children from her bounty. Aside from any other consideration, we feel that testatrix by her will shows an intention not to have the adopted children of J. Ralph Coble participate in her estate.

Now, January 28, 1947, the exceptions to the auditor's report are dismissed, the auditor's report is confirmed and distribution is ordered in accordance with the schedule of distribution made part of such report.