## Buffington Trust

*W. Perry Tyson*, for accountant.

MACELREE, P. J., July 21, 1961.—Decedent, by item fourth of his will dated November 27, 1940, provided as follows:

"FOURTH:—All the rest, residue and remainder of my Estate shall be divided into nine equal shares and distributed as follows:

"One share thereof to my son, George,

"One share thereof to my son, John,

"One share thereof to my son, Clarence,

"One share thereof to my son, Edward Jr.,

"One share thereof to my son, Harry,

"One share thereof to my son, Thomas,

"One share thereof to my son, Joseph,

"One share thereof to my daughter, Emily,

"And the remaining share, I give, devise and bequeath to The First National Bank of West Chester in trust nevertheless to invest and reinvest the same and to pay over the net income to my daughter, Pearl, for and during the term of her natural life, giving authority to my said Trustee to expend from the principal of said trust fund in cases of sickness or other emergencies, and my said Trustee shall be the sole judge, such sums as may be necessary to take care of

such emergencies, and at the death of my daughter, Pearl, to distribute the balance of the principal then remaining in equal shares among her then surviving children."

The question submitted to this court, as stated by counsel for the accountant, is as follows:

"Is the fund distributable to Edward Alexander Freck, the only child of Pearl Buffington Alexander, who was adopted by Mr. and Mrs. H. R. Freck of Newark, Delaware, subsequent to the death of Edward Buffington and some years prior to the death of Pearl Buffington Alexander, he being her only child, the said Pearl Buffington Alexander being divorced from George E. Alexander under date of September 17, 1947, and never remarried, or is the fund distributable to the heirs of Edward Buffington who are the brothers and sister of Pearl Buffington Alexander, her parents being deceased?"

This court, having been concerned with the date and place of adoption of the said Edward Clark Alexander, a minor, requested and has been furnished with an exemplified copy of the final decree of adoption of Edward Clark Alexander by the Orphans' Court of the State of Delaware in and for New Castle County.

The pertinent facts, which are not disputed, are as follows:

Edward Clark Alexander, a child born to Pearl Buffington Alexander, was born April 1, 1940.

Testator executed his will November 27, 1940, and died October 6, 1941.

Pearl Buffington Alexander was divorced from George E. Alexander, the father of Edward Clark Alexander, on September 17, 1947, and never remarried.

Pearl Buffington Alexander, life tenant, had no other child or children.

On May 25, 1950, Edward Clark Alexander, a minor, by decree of the Orphans' Court of the State of Delaware in and for New Castle County, was adopted by Harold Leroy Freck and Dorothy Ramey Freck, his wife, with the consent of Pearl Buffington Alexander, the mother of said child, said child having been abandoned by his father.

The decree of the Orphans' Court of the State of Delaware in and for New Castle County, dated May 25, 1950, provided, inter alia, as follows:

"The Court does allow the said petitioners to adopt as their own child Edward Clark Alexander, not theirs by birth, a minor male child under the age of twenty-one, to-wit, of the age of ten years.

"And the Court being fully satisfied as to the fitness and propriety of such adoption and as to the financial ability of the said petitioners to bring up and properly educate the said child, to all legal intents and purposes, is the child of said petitioners, and that the said child shall be named Edward Alexander Freck."

The question submitted to this court is whether "Edward Alexander Freck," the only child born to the life tenant, is excluded from distribution of the principal of the trust because of his adoption.

Substantially this precise situation existed in Anderson's Estate, 23 D. & C. 332, in which the late Mr. Justice Stearne, then a judge of the Orphans' Court of Philadelphia County, discussed the situation as follows:

"This involves the determination of the status of an adopted person as respects inheritance from or through a natural parent. A very interesting history of judicial decisions and statutes pertaining to adoption may be found in an opinion by Van Dusen, J., in Russell's Estate, 5 D. & C. 240, which was affirmed by the Supreme Court in an opinion by Mr. Justice Simpson, 284 Pa. 164."

Judge Stearne further points out:

"Perhaps the most succinct statements in this connection may be found in 1 R.C.L. 614, Par. 26: 'An adopted child is, in a legal sense, the child both of its natural and of its adopting parents, and is not, because of the adoption, deprived of its right of inheritance from its natural parents, *unless the statute expressly so provides.'*"

It is to be noted, as was noted in Anderson's Estate, that when Edward Clark Alexander was adopted on May 25, 1950, he was possessed of a contingent remainder, subject to the life estate of his mother, subject to be divested by his death during his mother's lifetime, and subject to let in other children of his mother who might be born thereafter.

This court adopts the precise language of Judge Stearne to the effect:

"No statutory enactment of which I am aware has taken away from an adopted person his vested or contingent property rights because of such adoption."

Exceptions were taken to the adjudication of Judge Stearne and the late Judge Van Dusen, speaking for the court en banc, stated the law to be in 1935 (and we are not here concerned with any of the statutory provisions of the 1947 Intestate Act, Wills Act or Estates Act):

"As soon as a son was born to testator's grandson, Robert Anderson, he became entitled to take part of his father's share. It was just as though he was mentioned by name. If thereafter he was adopted by someone else and thus lost his right to inherit from or through his natural father, that change of status did not destroy the right he had already acquired, and did not alter the fact that he answered to the description of one of the beneficiaries under the will of a third person. Being a minor he could not deprive himself of the right which he had acquired, and we do not see how the act

of his father in consenting to his adoption could deprive him of such a right."

Judge Van Dusen concluded his opinion with the statement:

". . . statutes relating to adoption are to be followed just so far as they go and no further, it is not yet true that an adopted child for all purposes is the child of the new parents and not of the old parents. In a case such as this, which involves identity and not the right of inheritance, it may never be true."

We believe this statement of law to be applicable to the question submitted to this court.

To the same general effect is Schaeffer Estate, decided by Judge Marx, 83 D. & C. 281 to the effect: " 'We know of no statutory provision [even as late as 1952] barring a legacy by the natural father to his child given in adoption.' " There is, however, in Schaeffer Estate, the distinction that the bequest to the adoptee was to him nominatim.