## Price Estate

*W. Hensel Brown* and *George B. Balmer*, for exceptants.

*George W. Manderbach* and *Philip F. Schmehl*, contra.

MUTH, P. J., December 5, 1961.—Decedent, Clifford R. Price, died testate April 23, 1926. The trust being accounted for was created in his last will and testament by the following language:

"Fourth: I give and bequeath to the Colonial Trust Company of Reading, Pennsylvania, the sum of Forty Thousand Dollars ($40,000), in trust, to pay the net income thereof in quarterly installments to my wife, Mollie R. Price, during her natural life or until her remarriage. From and immediately after the death of my said wife, Mollie R. Price, or upon her remarriage, I direct my said trustee to pay the net income thereof in quarterly installments to my daughter, Katherine W. Price, during her natural life, and upon the death of my said daughter, to distribute the principal and the accumulated income thereon in equal shares among the children of my said daughter living at the time of her death, and the issue of any deceased child, such issue taking their parent's share."

At the time of the death of Katherine W. Price, life tenant, she was survived by three children, namely, Joan McCauley, sui juris, Franklin P. Towson, a minor, and George H. Rick. The accountant proposes distribution to the two former, and exceptions to the proposed distribution have been filed on behalf of George H. Rick.

George H. Rick was born June 4, 1927, and on October 8, 1943, while a minor of the age of 16, was adopted by Lorraine Addison Rick, wife of J. Hunter Rick, his natural father. J. Hunter Rick and Katherine

W. Price were married on October 20, 1925. George Hunter Rick is the natural child of Katherine W. Price Rick and J. Hunter Rick. Both of them subsequently remarried, Katherine W. Price being Katherine Price Towson at the time of her death on June 30, 1961.

Testator having died on April 23, 1926, the interpretation of his will is governed by the provisions of the Wills Act of June 7, 1917, P. L. 403. Section 16 thereof provides:

"(a) Whenever in any will a bequest or devise shall be made to the child or children of the testator, without naming such child or children, such bequest or devise shall be construed to include any adopted child or children of the testator, unless a contrary intention shall appear by the will.

"(b) Whenever in any will a bequest or devise shall be made to the child or children of any person other than the testator, without naming such child or children, such bequest or devise shall be construed to include any adopted child or children of such other person who were adopted before the date of the will, unless a contrary intention shall appear by the will."

The question for determination is whether or not George H. Rick is entitled to participate in the distribution of the corpus of the trust created by his grandfather, Clifford R. Price. George Hunter Rick was born to Katherine W. Price and is issue of Katherine W. Price and not of his adopted mother: Russell's Estate, 284 Pa. 164; Taylor Estate, 357 Pa. 120. Decedent in his last will and testament directs distribution of the corpus of the trust to "the children of my said daughter living at the time of her death." We are not here concerned with speculation as to the meaning of "issue" or "children" in order to determine the intent of this testator, since he specifically provided for distribution of the corpus to the children of

his daughter living at the time of her death. The situation, therefore, is not similar to that in Howlett Estate, 366 Pa. 293, where the same section 16(b) of the Wills Act of 1917 was interpreted to exclude a child of testator's son adopted before the date of the will in a gift of a remainder to the son's issue. Issue was said to be synonymous with descendants and not the same as children. The court in its opinion stated, inter alia: "It is a cardinal principle that in the interpretation of a will the intention of the testator must prevail and such intention be ascertained from what the testator understood to be the legal meaning of the language he used." Obviously, there is no necessity for indulging in similar speculation in the matter before us where testator clearly provided for distribution to his daughter's children.

In Taylor's Estate, supra, testatrix provided: "'Upon his [William McDaniels'] death, I order and direct that the prinicpal of this Trust Fund, as well as any unpaid accumulations of income shall be paid to his issue, absolutely. . . .' 'A bequest to a number of persons not named, but answering a general description, is a gift to them as a class, where a contrary intention does not appear from the will': Wood's Estate, 321 Pa. 497, 500, 184 A. 13. No such contrary intent here appearing, appellee clearly falls within the class of 'issue' set forth in the will, in that he was the natural issue of the life tenant. . . . In Russell's Estate, 284 Pa. 164, 166, 130 A. 319, this Court, in interpreting the word 'issue' as contained in Section 15 of the Wills Act of 1917, not here involved, held that an adopted child is 'an "issue" of his natural parents only.' Therefore, appellee takes by virtue of the testamentary designation of a class to which he belongs, notwithstanding his adoption, and does not take by *right of inheritance.* We think the following statement in the opinion of President Judge Van

Dusen, for the court en banc, is conclusive: 'Neither Section 16(b) of the Intestate Act of 1917 nor the Act of April 13, 1887, P. L. 53, Sec. 1 . . . attempts to do more than to regulate the right of inheritance. As said in Anderson's Estate, 23 D. & C. 332, the question is one of *identity* and not of the *right of inheritance.* The claimant is still the legitimated child of Rachel, and his status as such is not changed by the adoption.' " (Italics supplied.)

George H. Rick at the time of his adoption by Lorraine Addison Rick was a minor 16 years of age. The effects of adoption upon the right to participate in circumstances similar to those before us is discussed in Fiduciary Review, January 1947, page 4, as follows:

"One of the few exceptions to the general rule that substantial rights will not be taken from a person during his minority is the provision that rights of inheritance from natural relatives (Intestate Act of 1917, Sec. 16(b)) are lost by adoption. No similar provision for forfeiture is included in the Wills Act of 1917, but rules of interpretation concerning rights under wills as a member of the adopting family (Sec. 16) are provided.

"In determining rights of an adopted person under wills of members of his natural family after adoption into another family, there would appear to be no applicable legislation. The question is one of identity and not of inheritance: Anderson's Est., 23 D. & C. 332; cf. Edward's Ap., 108 Pa. 283. 'Physically (the adopted person) is certainly within (the description if issue) . . . so far as the mother's family is concerned. . . . It remains but to be said that in the absence of a statute directing a different construction, the fact of adoption does not change the claimant's description as issue . . . whether being construed as made before or after the adoption.' Taylor Estate. The court considered itself fortified by the fact that

while Section 16(b) of the Intestate Act of 1917 expressly denies rights of inheritance from natural parents after adoption, Section 16(b) of the Wills Act of 1917 makes no such exclusionary provision."

Practically the same language used in the will before us is found in Lonergan Estate, 18 D. & C. 2d 193. Testator created a trust reserving a life estate in favor of his son with remainders over "unto his child or children then living and to the issue then living of any deceased child." The life tenant had two children, and, after his divorce, they were adopted by his wife's second husband, and the issue presented was whether or not the fact of their adoption cut them off from their right of inheritance through their natural father. Section 16(b) of the Wills Act of 1917 applied, and it was held that they did not lose their right to participate in the trust. The court in its opinion pointed out that the Wills Act of 1917 does not exclude adopted children from taking from or through their natural relatives. The court stated:

"The absence of any such exclusionary provision is in bold contrast with section 16(b) of the Intestate Act of June 7, 1917, P. L. 429, and section 14 of the Wills Act of April 24, 1947, P. L. 89, 20 PS §180.14, which, in addition to engrafting the adopted child into his adopted family for the purpose of inheritance, specifically excludes the adopted child from taking through his natural relatives. The distinction between the Wills Act of 1917 and the Intestate Act of 1917 is noted in Taylor Estate, 357 Pa. 120, 124. See also Anderson's Estate 23 D. & C. 334. There being no similar exclusionary provision in the Wills Act of 1917, there is no statutory bar to the right of these children adopted out of the family to take as designated members of a class in the will of a third person through their natural father".

Similarly in Buffington Trust, 26 D. & C. 2d 551, the will of testator created a trust for a daughter for life and, upon her death, to distribute the balance of the principal then remaining in equal shares among her then surviving children. There also the question submitted to the court was whether the child of the life tenant was excluded from distribution of the principal of the trust because of his adoption. The court decided that he was not so excluded, referring to Anderson's Estate, supra, and adopted the language of the court in Anderson's Estate to the effect that "No statutory enactment of which I am aware has taken away from an adopted person his vested or contingent property rights because of such adoption." See also Schaeffer Estate, 83 D. & C. 281, where, however, the bequest to the adoptee was to him as a named individual rather than a member of a class.

We conclude, therefore, that George H. Rick, a child of Katherine W. Price, the life tenant under the last will and testament of Clifford R. Price, is a member of the class entitled to participate in the corpus of the trust created for the benefit of Katherine W. Price and her children. The exceptions to the proposed distribution are sustained and distribution is awarded unto the three children of Katherine W. Price.