189  631
189  634

## In re Estate of Lewis Waln, deceased.  Appeal of Susan Israel.

*Wills—Vested and contingent estates—" Descendants."*

Testator bequeathed a fund in money to a trustee for the use of his nieces A. and B. " to pay to each of them one-half of the interest on the investments as it accrues during life and on the death of either, one moiety of the principal to be paid to her child or children, failing which her interest in the trust to pass to her sister or to her descendants in case of her death." Both A. and B. died without leaving child or other issue surviving. *Held,* that upon the death of B. the whole trust fund fell into the testator's general estate.

Argued Jan. 19, 1899.   Appeal, No. 332, Jan. T., 1898, by Susan Israel, from decree of O. C. Phila. Co., Jan. T., 1881, No 309, dismissing exceptions to adjudication.   Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Exceptions to adjudication.

From the record it appeared that Lewis Waln died in 1863, leaving a will by which he provided, inter alia, as follows:

"I give, bequeath and devise to the Pennsylvania Company for Insurances on Live and granting annuities the sum of Ten

thousand dollars in trust to invest the same in well secured Mortgages on Real Estate in the City of Philadelphia or in Loans of the said City or of the State of Pennsylvania for the use of my niece Susan Israel paying to her the interest on the investment as it accrues during her life and the principal to her sisters Phoebe W. Bell and Mary L. Smith share and share alike at her death in case of her leaving no lineal descendants otherwise the principal to be paid to her child or children and in case of the death of Phoebe W. Bell or of Mary L. Smith before that of Susan Israel then the share of the said decedent to be paid to her child or children failing which to be paid to her sister if living or in case of her death to her descendant or descendants.

" I give bequeath and devise to the above mentioned company the sum of Ten Thousand dollars in Trust to invest the same in the above mentioned securities for the use of my nieces Phoebe W. Bell and Mary L. Smith and to pay to each of them one half of the interest on the investments as it accrues during life and on the death of either, one moiety of the principal to be paid to her child or children failing which her interest in the Trust to pass to her sister or to her descendants in case of her death."

Mary L. Smith died December 26, 1895 ; Phœbe W. Bell died March 16, 1898; neither left husband nor descendants. Mrs. Bell's will made the appellant, Susan Israel, her residuary legatee.

Susan Israel made claim to the fund given to the trustee for the use of Phœbe W. Bell and Mary L. Smith.

The auditing judge, ASHMAN, J., refused to allow the claim, and awarded it to other legatees in order to make good the bequests to them.

Exceptions to the adjudication were dismissed, PENROSE, J., filing the following opinion :

It is conceded, as it must be, that the original limitation to the beneficiaries under the present trust was but a life estate. Their interest, being equitable, could not coalesce with gifts over of the legal estate to descendants, even if the word "descendants " be regarded as the equivalent of heirs of the body (Bacon's Appeal, 57 Pa. 504), but " descendants," at most, is

only the equivalent of "issue" which, when used with reference to personalty, is a word of purchase: Myers's Appeal, 49 Pa. 111; Hawkins on Wills, 197.

It is contended, however, that at the death of one of the cestuis que trust without descendants the other, under the terms of the will, became additionally entitled to one half of the principal, previously held in trust for the one so dying, absolutely; and, undoubtedly, at the death of either, having children, one half of the principal is to go to them. But at the death of either without children, or as the will expressed it, "failing which," the survivor is to receive, not one half of the principal but, "the interest in the trust" of the one so dying, in other words, the entire income of the trust estate instead of the half only as originally given, the entire principal in that event going at her death to her descendants. The distinction between the half of the principal given to children and "her interest in the trust" passing to the other cestui que trust was clearly in the mind of the testator.

As the will fails to provide for the contingency which has occurred of the death of both without descendants, the trust fund falls into the general estate and becomes applicable to the payment of other pecuniary legacies, in the order prescribed, with interest, so far as they have not already been paid in full, the surplus, if any, going to the residuary legatees.

Exceptions dismissed.

*Error assigned* was in dismissing exceptions to adjudication.

*Thomas Leaming*, for appellant.

No paper-book filed nor argument offered for appellee.

PER CURIAM, January 30, 1899:

The questions involved in this appeal were correctly decided by the court below. There appears to be nothing in either of the specifications that requires further notice. The decree is affirmed on the opinion of the learned judge who wrote for the court in banc, and the appeal is dismissed at appellant's costs.