### Ashhurst's Estate.

Argued October 26, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER and RHODES, JJ.

*Frederick J. Knaus*, with him *David J. Knaus*, for appellant.

*Edwards F. Leiper, Jr.*, for appellee.

OPINION BY KELLER, P. J., December 20, 1938:

The testator, John Ashhurst, Jr., a resident of Philadelphia, died July 7, 1900 leaving a will dated March 15, 1892, which was duly admitted to probate on July 13, 1900. He left a widow and seven children. By his will the bulk of his estate was left in trust, the net income to be paid his wife during her natural life, and at her death, the said net income to be paid in equal shares to his children then living, "or the *issue* of any child of mine who may be deceased," until the death of the longest living of his children, when the principal or corpus was to be divided among the *issue* of his children per stirpes. The widow died September 11, 1910. Four of the children are dead. One of them, Sallie W. Ashhurst, died October 26, 1937, unmarried and without issue, but leaving an adopted daughter,[1] Mercedes Olympia Cubria, this appellant, who claims the income payable to Sallie W. Ashhurst during her life. The auditing judge and the court in banc disallowed her claim. The decree will be affirmed.

Counsel for appellant has persuaded himself that the

---

[1] By decree of the Court of Common Pleas of Susquehanna County, dated January 8, 1937, to 45 August Term, 1936.

recent decision of the Supreme Court in *Cave's Est.,* 326 Pa. 358, 192 A. 460, justifies his position, but a careful study of Mr. Justice STERN'S noteworthy opinion in that case convinces us that it has no bearing on the question at issue. It was concerned wholly with the right of an adopted child to inherit, *under the intestate laws,* from the collateral kindred of her adopting parents, and has no relation to the right of a testator to make a disposition of his estate contrary to the course of inheritance fixed by the intestate laws. But Mr. Justice STERN was explicit in pointing out that the decision in Cave's Estate was based on Section 16 of the Intestate Act of June 7, 1917, P. L. 429. The will in the present case was dated, published and declared on March 15, 1892 and admitted to probate July 13, 1900. The Wills Act of 1917 (June 7, 1917, P. L. 403) in section 16 gives recognition to the changes made in the Intestate Act as respects adopted children, by providing as follows:

"Section 16. (a) Whenever in any will a bequest or devise shall be made to the child or children of the testator, without naming such child or children, such bequest or devise shall be construed to include any adopted child or children of the testator, unless a contrary intention shall appear by the will.[2]

"(b) Whenever in any will a bequest or devise shall be made to the child or children of any person other than the testator, without naming such child or children, such bequest or devise shall be construed to include any adopted child or children of such other person who were adopted before the date of the will, un-

---

[2] The commission appointed to codify and revise the law of Decedents' Estates made the following note to this paragraph: "This is a new clause, introduced in conformity to the provisions of the new Intestate Act relating to inheritance by adopted children."

less a contrary intention shall appear by the will." [3]

It is clear that section 16(b) of the Wills Act gives no help to this appellant, for she was not adopted by Sallie W. Ashhurst until January 8, 1937, while the will was made in 1892 and proved in 1900. The Wills Act effected no change in the distribution of this estate from that prescribed by the testator in his will.

But the testator did not direct that upon the death of any of his children, the share of the income of such deceased child should be payable to his or her *children* but to the *issue* of such deceased child. They are not the same: *Bedford's Appeal,* 40 Pa. 18. Issue in a will means prima facie "heirs of the body": *Taylor v. Taylor,* 63 Pa. 481. "The word issue, in legal parlance, means *lineal descendants,* irrespective of their being the same generation. In our several Acts of Assembly regulating the descent and distribution of real and personal estate of intestates, the words 'issue' and 'lawful issue' have always been employed as synonymous with lineal descendants, including not only the first, but more remote generations as well": *Wistar v. Scott,* 105 Pa. 200, 215. It is synonymous with offspring: *Allen v. Markle,* 36 Pa. 117.

Whatever changes the Intestate Act of 1917 may have made in the distribution of estates of persons dying intestate thereafter, and whatever change the Wills Act of 1917 may make on the construction of wills made or proved after its date, neither of them can change the distribution of his estate prescribed by a testator in his will, made and proved seventeen years before; nor will the Act of April 4, 1925, relating to Adoption,

[3] The commission aforesaid made the following note to this paragraph: "This clause is also new. It is limited to the case of children adopted before the date of the will since it is a statutory canon of construction referable to the time when the testator makes his will. An extension to include children adopted after the date of the will would tend to defeat the intention of the testator."

passed twenty-five years after the will was proved, affect its provisions. The will will be interpreted and applied in the light of the law as it was when admitted to probate. We are satisfied that so applied the word 'issue' did not include an adopted child.

Counsel for appellant in his exhaustive and scholarly argument discusses a number of very interesting questions, which are not really involved in this case.

The appellant may well be a member of her adopting mother's family, but that does not prevent a testator from limiting his bounty to certain members of the family to the exclusion of others; and when this testator, by his will proved in 1900, directed that the income payable to one of his children, should, on the death of that child be payable to her *issue,* we are of opinion that he limited it to children by blood and excluded children by adoption. See *Russell's Est.,* 284 Pa. 164, 130 A. 319; *Yates' Est.,* 281 Pa. 178, 126 A. 254.

The decree is affirmed at the costs of the appellant.