## Corr's Estate

*Joseph L. Ehrenreich*, for exceptant.

*Richard T. McSorley* and *Joseph F. Callahan*, contra.

LADNER, J., January 6, 1939.—When Mary J. Corr died November 22, 1937, she left a will in which she bequeathed, inter alia, $2,000 each to her sister and brother. The residue was bequeathed to her adopted daughter. Both sister and brother predeceased testatrix and both left children. Section 15(*b*) of the Wills Act of June 7, 1917, P. L. 403, provides that legacies to brothers and sisters, inter alia, shall not lapse but pass to their issue "Where any testator shall not leave any *lineal descendants* who would receive the benefit of any lapsed or void devise or legacy". (Italics supplied.) Testatrix left no issue but had an adopted daughter, and the question presented to the auditing judge was whether an adopted child could be regarded as a lineal descendant within the meaning of this section. He held

not and awarded the legacies to the issue of the deceased brother and sister.

The exceptions charge this to be error. We feel the adjudication amply vindicates the learned auditing judge's ruling and we can add little to what he has so well said. To the authorities cited by him we merely add Ashhurst's Estate, 133 Pa. Superior Ct. 526, handed down by the Superior Court December 20, 1938, in which it was said that the word issue in legal parlance means lineal descendants; it is therefore synonymous with offspring: Allen v. Markle, 36 Pa. 117. An adopted child, whatever the right to inherit may be, is not an offspring nor issue, hence could not have been intended by the legislature to be included in the term "lineal descendants" for the purposes of section 15(*b*).

The exceptions are dismissed and the adjudication is confirmed absolutely.