## Corr's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

*J. Jerome Katz, Davis S. Malis,* and *Harry B. Berk,* for exceptants.

*Samuel Feldman,* contra.

STEARNE, J., June 2, 1939.—By agreement, all matters of controversy have been withdrawn except two questions of law. The first relates to the status of an adopted child under the terms of the will. The second pertains to distribution, whether per stirpes or per capita.

Testator gave his daughter a life estate in the trust fund, with a special power of appointment, as to principal, to the daughter's children or descendants. The daughter adopted a person 24 years after the date of the will and 17 years after the death of testator. She ap-

pointed the estate to this adopted child. The question is therefore presented: May such an adopted person take as "child" under the terms of this will?

Section 16(b) of the Wills Act of June 7, 1917, P. L. 403, specifically provides:

"Whenever in any will a bequest or devise shall be made to the child or children of any person other than the testator, without naming such child or children, such bequest or devise shall be construed to include any adopted child or children of such other person who were adopted before the date of the will, unless a contrary intention shall appear by the will."

Yates' Estate, 281 Pa. 178, rules that under this section of the Wills Act, supra, an adopted child does not take as "child" from a third party where the adoption takes place after the date of the will, in the absence of a contrary intent. See also Russell's Estate, 284 Pa. 164. Ashurst's Estate, 133 Pa. Superior Ct. 526, decided that under the Wills Act "issue" of children per stirpes was limited to lineal descendants of any deceased child and excluded children by adoption. It seems most clear that whether the adopted person be a "child" or "issue of a deceased child" he does not take if the adoption took place after the date of the will, in the absence of a contrary intent.

In the words of the learned commissioners who drafted the Wills Act, section 16(b) is a "statutory canon of construction referable to the time when the testator makes his will. An extension to include children adopted after the date of the will would tend to defeat the intention of the testator". Certainly there is no language in this will which reveals testator's intention that an adopted child of the daughter should share under her appointment to children.

We have given close attention to the argument of counsel for exceptant concerning the construction of section 16 of the Intestate Act of June 7, 1917, P. L. 429, as to the effect of adoption. Cave's Estate, 326 Pa. 358, decided

that *under the act* an adopted child had the same right of inheritance from the collateral kindred of his adopted parents as a natural child of such parents would have. Were it not for the plain statutory provision of the Wills Act, and the decisions of the Supreme Court in Yates' Estate, supra, and of the Superior Court in Ashhurst's Estate, supra, the argument of the learned counsel for exceptant might be most persuasive. But until section 16(*b*) of the Wills Act is repealed or amended, or the appellate courts modify or reverse the above decisions, the orphans' court is bound by the legislative enactment, interpreted as above indicated.

We also agree with the auditing judge that the distribution here should be per stirpes and not per capita. Under the fourth item of the will, if Mrs. Gorman failed to appoint and left no children or descendants of children her surviving, the principal was to go "to and amongst the children or descendants, then living, of her sisters, the said fund to be divided amongst such children or descendants per stirpes, upon the principle of representation". One sister has five children and another has three. The fund was divided in halves: one half to the five children of the one sister and the other to the three children of the second sister. As pointed out by the auditing judge, no consideration need be given to the possibility of children of a third sister, as the class closed on the death of the present life tenant: Hogg's Estate, 329 Pa. 163.

It is urged with great earnestness that the children of the sisters are the primary takers, and therefore the stirpital provisions relate to the descendants of such children, and not to the children themselves.

Were this testamentary provision to stand alone, much could be said for this argument. A will, however, must be read from its four corners in discovering testamentary intent. As we read this will it appears most plain that the entire testamentary scheme was a stirpital one—a taking collectively by families. He set up identical trusts for each of his four daughters. He gave each of them a life es-

tate. He granted to each daughter a special power of appointment to dispose of the principal to her children or descendants. If a daughter failed to appoint, but left children or descendants surviving, then in most understandable language the fund passed per stirpes to the daughter's children or their descendants. And finally, where there was no appointment and no children or descendants then the principal was to be paid "to and amongst the children or descendants, then living of her sisters, the said fund to be divided per stirpes, upon the principle of representation." It is also significant that the residue is likewise passed in clear language to testator's children (his four daughters) or their descendants per stirpes. As the entire scheme is manifestly a stirpital one, any possible doubt as to the meaning of the clause in question must be resolved in favor of testator's dominant intent.

The exceptions are dismissed and the adjudication is confirmed absolutely.