## Howlett Estate

Before Sinkler, P. J., Klein, Bolger, Ladner, Hunter and Boland, JJ.

*Gordon Butterworth, Abraham Berkowitz* and *John R. Meade,* for exceptants.

*William E. Schubert,* contra.

HUNTER, J., February 10, 1950.—Testator by his will gave the income of his residuary estate to his seven children during their lives, and upon the death of a child, the share of income which such child had been receiving to be paid to his or her "issue" during the continuance of the trust, and in default of issue to testator's surviving children and the issue of a deceased child.

John J. Howlett, a son, died September 28, 1947, leaving an adopted daughter, Mary M. Moyer. There are five surviving children of testator and the issue of a deceased child.

The question is, whether an adopted child is "issue" within the meaning of the will. The adoption took place in 1897. The will was executed in 1907, and testator died in 1921.

At the date of the will, a bequest to the children of a person other than testator did not include an adopted child: Yates' Estate, 281 Pa. 178. This rule was changed by the Wills Act of 1917, P. L. 403, sec. 16(*b*), 20 PS §228, which provides that a bequest or devise to the "child or children" of any person other than testator shall be construed to include a child who was adopted before the date of the will unless "a contrary intention shall appear by the will". The Act of 1917 relates to this testator's will, he having died after its effective date.

"Issue" is not the same as "children". "Issue" means issue of the body, offspring, progeny, natural children, physically born or begotten by the person named as parent: Ashhurst's Estate, 133 Pa. Superior Ct. 526; Coble's Estate, 58 D. & C. 632. An adopted child is issue of his natural parents and not of his adopted ones: Russell's Estate, 284 Pa. 164; Taylor Estate, 357 Pa. 120; Corr's Estate, 34 D. & C. 255.

Exceptant contends, however, that testator intended the word "issue" to be synonymous with "children" because in paragraph 8 of the will, upon the termination of the trust, the principal of the estate is to be paid unto "my *grandchildren* then surviving and the issue of any *grandchild* then deceased—so that each group of *grandchildren* including the issue of deceased *grandchildren* shall take". (Italics supplied.)

In our opinion this reference to grandchildren in the clause disposing of the principal of the estate does not indicate that testator used the words "children" "grandchildren" and "issue" interchangeably in the whole will, especially with respect to the income of a child, which is the only fund before us for distribution at this time. We express no opinion as to the future distribution of principal.

Testator's understanding of the word "issue" is made clear by his definition in item 11 of the will

which provides for a per stirpes distribution in the following language:

"I direct that the word issue whenever used in this will shall be construed to mean the lawful descendants of the person named or described, so that those of the same degree in descent shall take equally and those of a more remote degree shall take by representation of a deceased ancestor, such taking to be either of principal at the period of distribution, or of income whenever from time to time a death may occur before my death or during the continuance of a trust estate, and so that the issue as thus defined shall always represent and take the share which the deceased ancestor would have taken if living."

"Descendants" and "issue" are synonymous: Waln's Estate, 189 Pa. 631; Ashhurst's Estate, 133 Pa. Superior Ct. 526, supra; Coble's Estate, 58 D. & C. 632, supra.

The exceptions are dismissed and the adjudication is confirmed absolutely.