## Howlett Estate.

Argued November 14, 1950 Before DREW, C. J., STEARNE, JONES, BELL and CHIDSEY, JJ.

*Gordon Butterworth,* with him *Abraham Berkowitz* and *John R. Meade,* for appellants.

*William E. Schubert,* with him *Randal Morgan, 3rd* and *Morgan, Lewis & Bockius,* for appellee.

OPINION BY MR. JUSTICE CHIDSEY, January 2, 1951:

Michael P. Howlett, a resident of Philadelphia, died on February 21, 1921, leaving a will executed on July 11, 1907, in which he created a trust of his residuary estate for payment of the net income in equal shares to his seven children during their lives, the share of income of any child dying during the continuance of the trust to be paid to such child's "issue", or in default of issue, to surviving children and the issue of deceased children.

John J. Howlett, a son died on September 28, 1947, during the lifetime of the trust, leaving no issue of the body but an adopted daughter, Mary M. Moyer. The adoption occurred on November 27, 1897. John J. Howlett was a cotrustee and following his death an account was filed, upon the audit of which it was adjudicated that the income which he had been receiving as a life tenant was payable after his death to the five surviving children of the testator and the issue of a deceased child. From the dismissal by the court *en banc* of exceptions filed to the adjudication this appeal has been taken by Mary M. Moyer, her adult children and a trustee and guardian *ad litem* for her minor and unborn descendants, appointed in connection with the determination of the legal question involved.

Appellants rely upon Section 16(b) of the Wills Act of June 7, 1917, P. L. 403, 20 PS §228 which reads: "Whenever in any will a bequest or devise shall be made to the child or children of any person other than the testator, without naming such child or children, such bequest or devise shall be construed to include any adopted child or children of such other person who were adopted before the date of the will, unless a contrary intention shall appear by the will."

It is earnestly urged that the adoption here having occurred prior to the execution of the will, this section of the Wills Act of 1917 which was effective prior to

the testator's death is applicable and award of the John J. Howlett share of the income should have been made to his adopted daughter, Mary M. Moyer. Recognition of the principle that in effect and operation a will speaks as though executed immediately before death, would lend force to appellant's contention if testator had directed that upon the death of any of his children such deceased child's share of the income should be enjoyed by the latter's *child* or *children*, but he did not so provide. Paragraph Eighth of the testator's will which establishes the residuary trust (after providing annuities not here material) continues: ". . . as follows:—to my children in equal shares from time to time during their lives, and upon the death before or after my death of any *child* leaving *issue* him or her surviving the share of the income which such *child* had been receiving or would have received if living shall be paid to the *issue* of such child as they shall survive from time to time during the continuance of this trust; and upon the death of any of my four *children,* Catharine Wilson, John J. Howlett, Margaret A. Walsh or M. Frances Howlett, dying without leaving *issue* him or her surviving the share of the income which any of them was entitled to shall be divided in equal shares and paid from time to time to all the others of my then surviving *children* and the *issue* of any deceased child. . . . The said trust shall terminate upon the death of the survivor of the following named persons: [naming his seven children and others], and upon such termination, the principal of my estate shall be converted into cash or otherwise divided by my Trustees into just and convenient portions, and paid or transferred and conveyed in equal shares unto my grandchildren then surviving and the issue of any grandchild then deceased, absolutely, *the number of shares being that of the number of my children who shall have left issue then surviving,* and so that each group of grandchildren, including the issue of

deceased grandchildren, shall take the share which they represent through one of my children, my intention being that such distribution and division shall be per stirpes and not per capita." (Emphasis supplied)

"Issue" is not synonymous with "children". "Issue" means issue of the body, offspring, progeny, natural children, physically born or begotten by the person named as parent: *Ashhurst's Estate,* 133 Pa. Superior Ct. 526, 3 A. 2d 218; and see *Coble's Estate,* 58 D. & C. 632. An adopted child is issue of his natural parents and not of his adopted ones: *Russell's Estate,* 284 Pa. 164, 130 A. 319; *Taylor Estate,* 357 Pa. 120, 53 A. 2d 136.

At common law adopted children had no right of inheritance whatsoever from their adopting parents. All such rights are purely statutory. The Wills Act of 1947 has greatly expanded the rights of adopted children, but this is the culmination of legislative advance step by step in this direction, which the courts may not anticipate. See *Russell's Estate,* supra. The effect and operation of the will here involved must be determined under the Wills Act of 1917, the statutory provision effective at the time of its probate.

Appellants contend, however, that when the whole will is considered the testator must be found to have intended that Mary M. Moyer, the adopted daughter of testator's son, John J. Howlett, should succeed to his share of the income. It is pointed out that she was adopted ten years before the testator executed his will and that he made no provision for her unless she takes as an adopted child or grandchild. But as stated in *Cave's Estate,* 326 Pa. 358, 359, 192 A. 460, "The right of adopted children to inherit from kindred of their adoptive parents is dependent entirely upon statutory enactments, and because the 'call of the blood' is one of the most firmly rooted instincts of human nature, courts tend to a strict construction of such legislation.

In the absence of a plain legislative mandate to the contrary a stranger to the adoption proceedings should not have his property diverted from its natural course of descent to the heirs of his blood; . . .".

It is a cardinal principle that in the interpretation of a will the intention of the testator must prevail and such intention ascertained from what the testator understood to be the legal meaning of the language he used in writing it: *Hood v. Pennsylvania Society to Protect Children from Cruelty*, 221 Pa. 474, 70 A. 845; *Estate of Fannie C. Lyman*, 366 Pa. 164, 76 A. 2d 633.

To the layman as well as to the lawyer "issue" has meant actual physical offspring as distinguished from "children" which may mean natural, adopted, foster or stepchildren.

Appellants contend that the testator intended the word "issue" to be synonymous with "children" because in paragraph Eighth of the will, upon termination of the trust, the principal of the estate is to be paid unto "my *grandchildren* then surviving and the issue of any *grandchildren* then deceased, absolutely . . .". But the language continues, "the number of shares being that of the number of my children who shall have left *issue* then surviving, and so that each group of grandchildren, including the *issue* of deceased grandchildren, shall take the share which they represent through one of my children, my intention being that such distribution and division shall be per stirpes and not per capita." Use of the words "grandchild" and "grandchildren" in the disposition of the corpus of the trust does not indicate that the testator meant "children" when he used the word "issue" in disposing of the income of a child. The testator's understanding of the word "issue" is made clear by the Eleventh paragraph of his will which reads: "I direct that the word issue whenever used in this will shall be construed to mean the lawful descendants of the person named or described, so that those of

the same degree in descent shall take equally and those of a more remote degree shall take by representation of a deceased ancestor, such taking to be either of principal at the period of distribution, or of income whenever from time to time a death may occur before my death or during the continuance of a trust estate, and so that the issue as thus defined shall always represent and take the share which the deceased ancestor would have taken if living."

"Descendants" and "issue" are synonymous: *Waln's Estate,* 189 Pa. 631, 42 A. 299; *Ashhurst's Estate,* supra; *Coble's Estate,* supra.

Decree affirmed; all costs to be paid out of the trust estate.