Pennington Trust.

Argued January 4, 1966. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Daniel B. Michie, Jr.,* with him *Ellen Q. Suria, Robert F. Lehman,* and *Fell & Spalding,* for appellant.

*Philip A. Brégy,* with him *MacCoy, Evans & Lewis,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, April 19, 1966:

Three questions are presented by this appeal:

(1) Has the Orphans' Court of Philadelphia County jurisdiction of this account and of the questions involved;

(2) (a) Does the law of New Jersey or Pennsylvania govern the interpretation of the deed of trust, and (b) What did the settlor mean by "issue"?

We shall discuss these in inverse order.

George Powell Pennington, of Atlantic City, New Jersey, as settlor, and Ella Taylor Pennington, of Atlantic City, New Jersey, as trustee, and Girard Trust Company,* a Pennsylvania Corporation, as trustee, executed a revocable deed of trust dated March 22, 1933. The trust res consisted of certain life insurance policies which were payable to the trustees on the death of settlor.

Under the terms of the trust, settlor first provided for the collection of said policies and the investment and reinvestment of the proceeds. He then provided in the second paragraph thereof that the trustees should pay the entire net income periodically to Ella Taylor Pennington for her life.

The third paragraph is the one which gives rise to the present controversy. Testator pertinently provided therein that on the death of his wife the surviving

---

* Now Girard Trust Bank.

trustee shall pay the net income equally share and share alike unto testator's sons George and Robert for their respective natural lives and upon the death of either shall pay "that part of the . . . principal . . . from which such son of Settlor so dying would, if living, be entitled to the income unto the *issue of such deceased son*\* of Settlor, per stirpes, and in default of issue shall add such share unto the share of the other of said sons of Settlor, as if originally a part thereof, subject always, however, to the right which is hereby given unto the said George . . . and Robert . . ., in their sole and absolute discretion, to *withdraw absolutely their respective distributive shares of principal* hereunder, free and clear of any and all trusts, in . . . [named] installments until . . . they shall have respectively attained the full age of forty years *and the balance of such part of the . . . principal after they shall have respectively attained the full age of forty-five years.*"

Settlor provided in the fourth paragraph that upon certain conditions\*\* his wife should have a power of appointment by will of the remaining or unpaid principal, and directed his trustee to pay the remaining principal "in default of the exercise of such power of appointment unto such persons and in such proportions as may be provided *by the intestate laws of the State of New Jersey* in force at that time."

At the time settlor executed this deed of trust and at his death on June 29, 1938, he and his wife and his two sons George and Robert were all living in Atlantic City, New Jersey. Settlor's wife died on August 30, *1941*, a resident of New Jersey. She was survived by both George and Robert; George was still a resident of New Jersey, Robert was not.

---

\* Italics throughout, ours.
\*\* Which never arose.

On August 31, 1960, George became forty-five years of age and, as permitted by the terms of the trust, withdrew *all* the balance of the principal which was held by the trustee for his benefit.

On August 5, *1962,* Robert became forty-five years of age; he died fourteen months later on December 12, 1963. In the meantime, Robert had withdrawn $5,000 of the principal which was held by the trustee for his benefit, and although urged by the trust officer of the Girard Trust Bank to withdraw the entire principal, refused to do so. Equally importantly, on September 11, *1951,* Robert and his wife, who then lived in New York, adopted a daughter, Deborah Ann, who is now fifteen years of age and for whose estate the appellant is guardian.

The Girard Trust Bank filed the present account which covered Robert's share of the trust. The Auditing Judge of the Orphans' Court of Philadelphia County confirmed the account of Girard Trust Bank and awarded the undistributed balance of principal valued at $24,588.26 to Girard Trust Bank, surviving trustee, in trust *for the benefit of George* under the terms of settlor's trust. The exceptions of the guardian of Deborah Ann Pennington, who claimed Deborah took as Robert's "issue", were dismissed; the adjudication and supplemental adjudication were confirmed absolutely; and from the decree entered pursuant thereto the guardian of Deborah Ann has taken this appeal.

## What Law Governs?

It is clear from the above recited facts of the residence of the settlor and his wife and his sons at the time of the execution of the trust, as well as at the death of settlor, and particularly in the light of the provision in the fourth paragraph of the Deed of Trust with respect to the payment of principal under certain

circumstances to such persons as may be *entitled by the intestate laws of the State of New Jersey,* that settlor intended the interpretation of his deed to be governed by the law of New Jersey.

Accord, Restatement, Conflict of Laws, §296, comment a.

The Act of May 4, 1939, P. L. 42, 28 P.S. §291 et seq., pertinently provides: "Section 1. Judicial Notice. —Every Court of this State shall take judicial notice of the common law and statutes of every state, territory and other jurisdiction of the United States." The Act then provides ways in which the Court may acquire judicial knowledge of the common law and the statutes of other states, as well as ways in which these may be proved.

The Orphans' Court held, and we believe correctly, (1) that the law of New Jersey and of Pennsylvania (prior to the Estates Act of April 24, 1947, P. L. 100) on the question of "issue" was the same, and (2) that the word "issue" when and as used by the Settlor in this trust did not mean or include adopted children of Settlor's children. *Wehrhane's Estate,* 23 N.J. 205 (1957), 128 A. 2d 681, specifically decided that under the law of New Jersey "issue" did not mean or include adopted children.* The gift in that case was to "issue per stirpes". *In Re Coe,* 42 N.J. 485 (1964), 201 A. 2d 571, decided that the words "lawful children" included adopted children; then discussed *Wehrhane's Estate* and decided by dictum to leave open for future decision the meaning of a testamentary gift to the issue per stirpes of a person other than the testator. Although the law of New Jersey may not be absolutely clear, we believe it was clear when the Pennington

---

* We note that the Appellate Division of the Supreme Court of New York decided that *Wehrhane's Estate* was still the law of New Jersey. See *In Matter of Nichol's Trust,* 24 A.D. 2d 191, page 199.

trust was executed in 1933, and at Settlor's death in 1938, and at the death of his wife in 1941, and also when Robert died in 1963.

In any event, if there is no pertinent decision or statute, or if there is a very substantial doubt about the law of a sister state, the law of a common law sister state in such situations and at the time in question is presumed to be the same as that of this Commonwealth. Cf. *Baughman's Estate*, 281 Pa. 23, 126 Atl. 58; *Craver's Estate*, 319 Pa. 282, 179 Atl. 606.

### Issue

We are fortified in our construction by the well and long established rule in Pennsylvania that "issue" means "issue of the body" and does not include adopted children or adopted issue unless (a) changed by statute or (b) the language of the instrument clearly indicates a different and contrary intent. *Howlett Estate*, 366 Pa. 293, 77 A. 2d 390. In that case, the Court held that a child who had been adopted in 1897 was not included in the meaning of the word "issue" in the case of a testator who died in 1921, leaving a will dated July 11, 1907. The Court, in its Opinion, said (page 297) : " 'Issue' is not synonymous with 'children'. 'Issue' means issue of the body, offspring, progeny, natural children, physically born or begotten by the person named as parent: Ashhurst's Estate, 133 Pa. Superior Ct. 526, 3 A. 2d 218; and see Coble's Estate, 58 D. & C. 632. An adopted child is issue of his natural parents and not of his adopted ones: Russell's Estate, 284 Pa. 164, 130 A. 319; Taylor Estate, 357 Pa. 120, 53 A. 2d 136."*

---

*Storb Appeal*, 400 Pa. 567, 163 A. 2d 302; and *Collins Estate*, 393 Pa. 195, 142 A. 2d 178, are on their facts clearly distinguishable.

In this case, neither party has raised the question of the jurisdiction of the Orphans' Court of Philadelphia County.

We hold that jurisdiction of this trust and this trust accounting was properly acquired and exercised by the Orphans' Court of Philadelphia County. Under §101 of the Orphans' Court Act of 1951** that Court has exclusive jurisdiction over "inter vivos trusts". There is no limitation in that section or in any other part of the Act which would exclude inter vivos trusts, created by nonresident settlors. On the contrary, §308, which fixes the situs*** of such trusts, provides that if the situs of an inter vivos trust created by a non-resident settlor is not fixed in the instrument and prior to his death no application has been made to any Court concerning the trust, such situs shall be in the County in which any trustee resides and, if there is no trustee, then in a County where property of the trust is located.

We note that an account was first filed in the Orphans' Court of Philadelphia County in 1941. We note further that §309 of the 1951 Act allows any party in interest to petition for a change of situs to New Jersey, but since this appellant has failed to present such a petition she has waived her right to change the jurisdiction of the Orphans' Court of Philadelphia County.

As Girard Trust Bank, the Trustee, "resides" in Philadelphia County, the Orphans' Court of Philadelphia County has jurisdiction of this trust accounting, and its decree of distribution, when affirmed by us, is binding on the Trustee and on all the parties claiming under the trust. Compare *Schoble Trust Estate,* 346 Pa. 318.

---

** Act of August 10, 1951, P. L. 1163, as amended, 20 P.S. §2080.101 et seq.

*** Also venue under §306.

342

Decree affirmed, costs to be paid out of the principal of the trust.

Mr. Justice ROBERTS concurs in the result.

Mr. Justice MUSMANNO and Mr. Justice COHEN dissent.