## Jadwin Trust

*Jerome B. Apfel* and *Roger B. Reynolds,* for accountants.

*Thomas J. Timoney,* guardian ad litem.

TAXIS, P. J., July 10, 1968.—The reason or purpose for the filing of the account is that William B. Rudenko, a trustee, died on November 30, 1966, and Theodore Horwich, another trustee, has resigned effective November 25, 1966. In addition, a petition has been filed by Lorraine M. Weinzimmer, a widow of settlor and a trustee, seeking to change the situs of the trust to Cook County, Illinois. . . .

The petition for change of situs is under section 309 of the Orphans' Court Act of August 10, 1951, P. L. 1163; 20 PS §2080.309, and sets forth that all beneficiaries and trustees of the trust now reside in Illinois, that the trust assets are all situated there, and, accordingly, a change of situs in the administration of the trust is necessary and desirable. In connection with this petition, Thomas J. Timoney, Esq. was appointed guardian ad litem and trustee ad litem as set forth in note of his appearance. He has filed two helpful reports and raised certain questions to be resolved, before granting the prayer of the petition. . . .

The main question raised by the guardian and trustee ad litem, . . . is in connection with the proposed change of situs of the trust. He cites the provision in paragraph 12 of the deed, entitled "situs", requiring the trust to be construed and administered under Pennsylvania law. He suggests that (1) from this language, *settlor* has fixed the situs of the trust as Pennsylvania, and (2) it may be doubtful that an Illinois court would take jurisdiction of the trust under such circumstances. As to the first problem, the term "situs" appears essentially to mean jurisdiction, that is, the location at which the active trust administration takes place. See section 306, Orphans' Court Act, supra. The language of paragraph 12, regardless of title, simply applies Pennsylvania law to the oper-

ation of the trust wherever it is situated, and does not therefore prevent per se the requested change of situs. Nor do we think that an appropriate court in Illinois would refuse jurisdiction of a trust where all the trustees and beneficiaries were domiciled in that state; provision exists under principles of conflicts of law for proof of the law of another jurisdiction where required: Pennington Trust, 421 Pa. 334. It is true that in Gundaker Estate, 29 D. & C. 2d 101, and in Newbold Estate, 28 D. & C. 2d 92, the records indicated that the courts in Ohio and Connecticut, respectively, had assumed jurisdiction of the trusts involved, which is not the case here. Indeed, the guardian and trustee ad litem has obtained and submitted the written opinion of Illinois counsel that no Illinois court will take jurisdiction over a private trust until an actual controversy arises in connection therewith. However, the opinion in Kerr Trust, 40 D. & C. 2d 415, recited no such actual proof, it apparently sufficing for this purpose that a corporate trustee in the foreign state had been appointed. In any event, the applicable statute provides, "Upon such change of situs becoming effective by the assumption of jurisdiction by another court, the jurisdiction of the court as to the trust shall cease . . ." Therefore, the requested change of situs will not operate to terminate the jurisdiction of this court over the trust until such jurisdiction is actually assumed by another court. Since all of the trustees and beneficiaries are now residents of Illinois, a change in situs to that state is necessary and desirable for the proper administration of the trust; therefore the situs of the trust is changed to Cook County, Illinois, and a decree to such effect will be entered contemporaneously with this adjudication. See Kerr Trust, 40 D. & C. 2d 415. . . .

And now, July 10, 1968, this adjudication is confirmed nisi.