**Kempin Trust**

*Alexander Hemphill,* for petitioner.
*James Conwell Welsh,* for respondent.

SHOYER, J., December 3, 1970.—This matter comes before us on petition, preliminary objections raising the issue of jurisdiction and petitioner's answer thereto.

Petitioner is the settlor of an inter vivos trust dated September 1, 1965, in which respondent is the sole trustee. She has filed two petitions with the court. In her first petition, the court was asked to cite respondent to show cause why he should not be dismissed from his office of trustee and his interest in said trust decreed null and void. In her second petition, filed three months later, petitioner asked that respondent be directed to account. This court ordered the citations to issue, and upon the closing of the pleadings, argument was heard upon both petitions together.

Since the preliminary objections must be sustained, we shall limit review of the averments in the pleadings to those which bear on jurisdiction. On September 1, 1965, settlor was, and ever since has continued to be, a resident of Atlantic City, N. J. Respondent during the same period of time has resided in Gladwynne, Montgomery County, Pa. Respondent, then and now, has maintained one law office at his residence and another in Philadelphia. We understand that counsel for petitioner does not controvert the location of respondent's residence. The trust deed provides:

"14. *Governing Law*. This instrument shall be construed and administered in accordance with the law of the State of Pennsylvania. The validity of the trust hereby created shall be determined in accordance with the laws of the State of Pennsylvania."

The document is silent as to situs. These two petitions constitute the first application to this court concerning this trust.

Section 308(b)(2) of the Orphans' Court Act of August 10, 1951, P. L. 1163, 20 PS §2080.308(b)(2) reads:

"Situs of inter vivos trust. (b) Not provided for in trust instrument. If the trust instrument does not expressly provide for the situs of the inter vivos trust, its situs shall be:

"(2) Nonresident settlor. In the case of an inter vivos trust whose settlor (i) is not domiciled in the Commonwealth at the time when during his lifetime the first application is made to a court concerning the trust, . . . in a county in which any trustee resides, and if there is no such trustee, then in a county where property of the trust is located."

In Pennington Trust, 421 Pa. 334, 341 (1966), our Supreme Court said that ". . . if the situs of an inter vivos trust created by a nonresident settlor is not fixed in the instrument and prior to his death no application has been made to any Court concerning the trust, such situs shall be in the County in which any trustee resides . . ."

The preliminary objections are sustained.

It is appropriate to note that Mr. Denega, the respondent, as a member of the bar of this court, has assured us that he will promptly file his account as trustee of this trust in Montgomery County without the need for the issuance of any process there.

Now, therefore, December 3, 1970, we enter the following

## ORDER

The petition for citation to show cause why Kip D. Denega, Jr., trustee, should not be removed from his office as trustee and the deed of trust be declared null and void is dismissed for want of jurisdiction, and the petition to show cause why Kip D. Denega, Jr., trustee, should not file his account as trustee under the deed of trust of Lydia A. Kempin, dated September 1, 1965, is likewise dismissed for want of jurisdiction.